United States District Court  
For the Northern District of California

| | |
|---|---|
| United States of America, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Wilma Servando Cox, )<br>)<br>)<br>Defendant. )<br>_____) | No. CR-10-0752-DLJ<br><br>**ORDER Re: Pre-Judgment Interest** |

On February 8, 2011 defendant Wilma Cox ("Cox) pled guilty to one count of theft of government property in violation of 18 U.S.C. § 641. Cox pled guilty pursuant to a Rule 11(c)(1)(C) plea agreement. This agreement provided for a sentence of three years probation, and payment by defendant of $16,229.20 in restitution. On May 17, 2011 the Court sentenced defendant in accordance with the terms of the plea agreement.

At the sentencing, the government put forward for the first time the victim's request for pre-and post-judgment interest in accord with 18 U.S.C. §3612(f). Because defendant had not had an opportunity to address this request, the Court held the issuance of interest in abeyance pending briefing on that specific topic by the parties. The briefing has now been concluded and the Court finds the following on the issue of interest on the restitution.

The government asserts that pursuant to 18 U.S.C. § 3663A(c)(1) the victim is entitled to restitution for his loss, and that the Ninth Circuit has recognized that part of a victim's actual loss includes pre-judgment interest. United States v. Smith, 944 F.2d 618, 625-26 (9th Cir. 1991); see also

United States v. Catherine, 55 F.3d 1462, 1465 (9th Cir. 1995).

Defendant argues that as the plea agreement sets the amount of restitution at $16,229.20, the Court may not award interest which would exceed that amount. However, the Ninth Circuit has held that a victim is entitled to pre-judgment interest. See United States v. Smith, 944 F.2d at 626. ("[There] is no language in the Act that specifically allows or forbids prejudgment interest. . .the Fifth Circuit ruled that it was proper to include prejudgment interest in a restitution award under the Act in order to fully compensate victims for their losses. (Citation omitted) We agree with this analysis.")

The defendant began using the victim's funds on December 8, 2009 and the judgment was entered on May 17, 2011, so that is the time period on which the government makes its calculation of interest. The government proposes three different interest calculations for the Court's consideration.

The first calculation uses the 5% interest rate requested by the victim; the second option uses the Current Value of Funds Rate which is commonly used in pre-judgment interest calculations; and the third calculation uses the federal post-judgment interest statute, 28 U.S.C. § 1961.

While there is authority in the Ninth Circuit to award pre-judgment interest, United States v. Smith also stands for the proposition that the district judge shall use his discretion to consider, among other factors, the financial resources of the defendant. Smith, 944 F.2d at 625. Having considered all of the relevant factors before this Court, the

2

Court finds that pre-judgment interest shall be awarded utilizing the rate set out in 28 U.S.C. § 1961, for a total pre-judgment interest payment of $67.70.  The judgment shall reflect this amount in addition to the $16,229.20 of restitution.

    IT IS SO ORDERED.

Dated: July 1, 2011  _____

D. Lowell Jensen
United States District Judge